# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| KENDALL SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | Case No: |
| | ) | |
| v. | ) | |
| | ) | |
| BOTTLING GROUP, LLC d/b/a PEPSI, | ) | |
| BEVERAGES COMPANY, | ) | REQUEST FOR JURY TRIAL |
| | ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL
**[28 U.S.C. §§ 1331, 1441, and 1446]**

Defendant Bottling Group, LLC ("Defendant"), by and through its undersigned counsel, respectfully requests the above-captioned action be removed from the Circuit Court of St. Louis County, Missouri, to the United States District Court for the Eastern District of Missouri, Eastern Division, under 28 U.S.C. §§ 1331, 1441, and 1446 on the grounds of federal question jurisdiction.[1] In support of this Notice of Removal, Defendant states and alleges as follows:

## PROCEDURAL BACKGROUND

1. On May 9, 2022, Plaintiff Kendall Smith filed his Petition for Damages (the "Petition") in the Circuit Court of St. Louis County, Missouri, Case No.: 22SL-CC02525 (the "State Court Action"). A copy of the Petition is included in Exhibit A attached hereto.

2. The Summons and Petition were served on Defendant on May 18, 2022.

---

[1] This Notice of Removal is based on the allegations in the Petition and what is placed in controversy by the Petition, and it is filed subject to and with a full reservation of all rights. No admission of fact, law, or liability are intended by this Notice of Removal, and Defendant does not waive, but expressly reserves, any and all defenses available to it.

3. The Petition purports to be based upon and arising under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 *et seq.* ("Title VII"), Title I of the Americans with Disabilities Act, 42 U.S.C. § 12111(2) and (8) ("ADA"), and Missouri's Whistleblower Protection Act, MO. REV. STAT. § 285.575 ("WPA"). *See* Exhibit A, Petition Counts I-V.

4. Based on the allegations and causes of action in the Petition, and the reasons discussed below, Defendant timely removes this action pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1367(a) (supplemental jurisdiction).

5. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders from the State Court Action, which have been served upon Defendant are attached to this Notice of Removal in Exhibit A.

6. Defendant has not filed any answer to Plaintiff's Petition for Damages in State Court.

## **FEDERAL QUESTION JURISDICTION**

7. Any civil action brought in a state court over which the federal district courts of the United States would have original jurisdiction may be removed. 28 U.S.C. § 1441 (a); 28 U.S.C. § 1331.

8. Removal based on federal question is governed by the well-pleaded complaint rule – jurisdiction is only established if the plaintiff's petition on its face states a federal question. *McClain v. Andersen Corp.*, 567 F.3d 956, 963 (8th Cir. 2009).

9. In his Petition, Plaintiff alleges violations of Title VII and the ADA. *See generally* Exhibit A, the Petition, Counts I-IV.

10. Defendant is entitled to remove Counts I-IV under 28 U.S.C. § 1441 because this Court has original jurisdiction under 28 U.S.C. § 1331 over the Plaintiff's causes of action arising under Title VII and the ADA. This cause of action "arise[s] under the Constitution, laws, or treaties

of the United States." *See* 28 U.S.C. § 1331. Because the Petition asserts such claims, this action is removable because it is a "civil action brought in a State court of which the district courts of the United States have original jurisdiction." *See* 28 U.S.C. § 1441(a). The Court further has jurisdiction over this action pursuant to 15 U.S.C. § 1681p.

11. In addition, this Court has supplemental jurisdiction over Plaintiff's state law claim – Count V of Plaintiff's Petition[2] – under 28 U.S.C. § 1367(a). Thus, the entire action may be removed to this Court pursuant to 28 U.S.C. §§ 1331 and 1441.

**PROPRIETY OF REMOVAL**

12. Venue in this Court is proper under 28 U.S.C. § 1441(a), as this Court is the United States District Court for the district and division embracing the place where the State Court Action was pending.

13. This Notice of Removal is timely because it was filed within 30 days after service of the Petition in the State Court Action by the Defendant. 28 U.S.C. § 1446(b)(1).

14. The State Court is located within its District and Division.

15. Pursuant to 28 U.S.C. § 1446(d), Defendant is filing in the State Court Action concurrent to this Notice of Removal, a written Notice of Filing of Notice of Removal of Civil Action ("Notice of Filing"), which is being served on counsel for the Plaintiff. The Notice of

---

[2] Although not titled correctly, Count V appears to be a claim under Missouri's Whistleblower Protection Act. Plaintiff's single whistleblower claim does not dominate over Plaintiff's four federal claims, nor has the Court dismissed the federal claims. 28 U.S.C. § 1367(a). The whistleblower claim does not raise novel or complex issues of State law. *Id.* Missouri district courts have had multiple opportunities to evaluate whistleblower claims in the context of employment actions, so it is not a matter of first impression. *See Mucci v. St. Francois Cty. Ambulance Dist.*, No. 4:19-CV-01868-NCC, 2019 WL 6170721, at *4 (E.D. Mo. Nov. 20, 2019); *Johnson v. City of Leadington*, No. 4:19-CV-02282-SEP, 2020 WL 6117944, at *11 (E.D. Mo. Oct. 16, 2020) (same); *Bartis v. City of Bridgeton*, No. 406-CV-1574 JCH, 2007 WL 1486024, at *8 (E.D. Mo. May 18, 2007). Plaintiff's State whistleblower claim falls within the Court's supplemental jurisdiction and the discretionary factors do not support declining jurisdiction.

3

Filing has attached as an exhibit a true and accurate copy of this Notice of Removal (without exhibits). The Notice of Filing, without exhibits, is attached to this Notice of Removal as Exhibit B. This action is not more than one-year old.

16. No process, pleadings, or other documents were served upon Defendant in the State Court Action, other than Exhibit A attached thereto.

17. A copy of the Civil Cover Sheet filed with the United States District Court for the Easter District of Missouri, Eastern Division, is attached hereto.

18. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendant's right to assert any defense or affirmative matter, whether pursuant to Fed. R. Civ. P. 8(c), Fed. R. Civ. P. 12(b), or otherwise.

19. Defendant reserves the right to amend or supplement this Notice of Removal.

20. Accordingly, removal of the State Court Action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 is proper because this Court has jurisdiction over the action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367(a).

WHEREFORE, Defendant requests the Court take jurisdiction of this matter and issue all necessary orders and process to remove those claims from the Circuit Court of St. Louis County, Missouri, to the United States District Court for the Eastern District of Missouri, Eastern Division.

Respectfully submitted,

**SEYFERTH BLUMENTHAL & HARRIS LLC**

/s/  *Charlie J. Harris, Jr.*
Charlie J. Harris, Jr., MO Bar No. 44115
Candice D. Coats, MO Bar No. 69158
4801 Main Street, Suite 310
Kansas City, Missouri  64112
Telephone: (816) 756-0700
Facsimile: (816) 756-3700
charlie@sbhlaw.com
candicec@sbhlaw.com

**Attorneys for Defendant**

### CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2022, I electronically filed the foregoing with the Clerk of the Court using the Missouri eFiling System which sent notification of such filing to the following:

> Michael J. Brunton
> **Burton Law Office**
> 819 Vandalia (HWY 159)
> Collinsville, Missouri 62234
> mbrunton@bruntonlawoffice.com
> 618-343-0750 / 618-343-0227 Fax
>
> **Attorney for Plaintiff**

/s/ *Charlie J. Harris, Jr.*
**Attorney for Defendant**

5