# IN THE CIRCUIT COURT
# TWENTY-FIRST JUDICIAL CIRCUIT
# ST. LOUIS COUNTY

| | |
|---|---|
| KENDALL SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. |
| ) | |
| BOTTLING GROUP, LLC d/b/a PEPSI ) | |
| BEVERAGES COMPANY, ) | **Plaintiff Demands Trial** |
| **SERVE AT:** ) | **by Jury** |
| **CT Corporation System** ) | |
| 120 South Central Ave ) | |
| Clayton, MO 63105 ) | |
| ) | |
| Defendant. ) | |

## PETITION

### COUNT I – Racial Discrimination – Title VII

NOW COMES Plaintiff, Kendall Smith (hereinafter referred to as "Smith"), by and through his undersigned attorneys, Michael Brunton and Brunton Law Office, P.C., and for Count I of his Petition against Defendant, Bottling Group, LLC d/b/a Pepsi Beverages Company (hereinafter referred to "Bottling Group" in this Count), states:

1. Bottling Group is registered to do business in the State of Missouri. It has its principal office and distribution facility in the County of St. Louis, Missouri.

2. Smith was an employee for Bottling Group at its Creve Coeur, Missouri facility.

3. Smith was qualified for his position and was able to perform all essential functions of his job.

4. Bottling Group, at all relevant times, had more than 50 employees.

5. Smith was terminated by Bottling Group.

6. Smith's race is African American.

**EXHIBIT A**

7. Smith was subjected to a hostile work environment, harassment, and was subjected to discrimination while working for Bottling Group because of his race, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42U.S.C. § 2000e, *et. seq.*

8. Smith was terminated as a result of his race which violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, for employment discrimination on the basis of race.

9. Prior to his termination, Smith was performing his job according to his employer's legitimate expectations.

10. Smith filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). A copy of the Charge is attached and incorporated as Exhibit "A".

11. Smith received a Notice of Right-to-Sue from the EEOC. A copy of the Notice is attached and incorporated herein as Exhibit "B".

12. Smith filed this action within ninety (90) days of the receipt of the Notice of the Right-to-Sue letter.

13. As a result of the discrimination, harassment and hostile work environment by Bottling Group, Smith suffered and in the future will continue to suffer emotional distress, mental anguish, pain and suffering, inconvenience, loss of enjoyment of life, and other pecuniary and non-pecuniary losses.

14. As a result of the discrimination, harassment, and hostile work environment by Bottling Group, Smith was caused to lose wages and fringe benefits and he is entitled to recover for this loss.

15. As a result of the discrimination, harassment, and hostile work environment by Bottling Group, Smith will lose future earnings and future fringe benefits and he is entitled to recover for this loss.

16. In addition, Smith is entitled to reasonable attorney fees and all other affirmative relief as this court deems appropriate, including enjoining any unlawful discrimination in the future by Bottling Group.

17. In addition, Smith is further entitled to pre-judgment interest to compensate his for the loss of wages during the period preceding any final judgment. Smith is further entitled to post-judgment interest from the date of judgment to the date that any judgment is paid by Bottling Group.

18. In addition, Bottling Group, through its managers, had knowledge that it may have been acting in violation of federal law and/or Bottling Group approved or ratified the acts of discrimination, harassment, and hostile work environment and thus, Smith is entitled to punitive damages.

WHEREFORE, Plaintiff, Kendall Smith, requests that judgment be entered in his favor and against Bottling Group, LLC d/b/a Pepsi Beverages Company in an amount in excess of $25,000.00 and award costs of suit, as well as pre-judgment interest, and for any further relief as to the Court deems just and proper.

**Plaintiff Demands Trial by Jury.**

## COUNT II –Retaliation-Title VII

NOW COMES Plaintiff, Kendall Smith (hereinafter referred to as "Smith"), by and through his undersigned attorneys, Michael Brunton and Brunton Law Office, P.C., and for Count

II of his Petition against Defendant, Bottling Group, LLC d/b/a Pepsi Beverages Company (hereinafter referred to "Bottling Group" in this Count), states:

1 – 7. For paragraphs one (1) through seven (7) of Count II, Smith alleges and incorporates paragraphs one (1) through seven (7) of Count I as though fully alleged herein.

8. Smith informed Bottling Group of discrimination, harassment, and hostile work environment against him because of his race, which would violate Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 (e), *et seq*.

9. Smith was subjected to a continuing hostile work environment, harassment, and was subjected to continuing discrimination while working for Bottling Group, and was terminated because of his race, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42U.S.C. § 2000e, *et. seq.* after the aforementioned complaints were made.

10. Smith's continued harassment, discrimination and hostile work environment and subsequent termination were caused as a result of his engaging in the aforementioned statutorily protected activity of reporting discrimination, hostile work environment and harassment because of race against Bottling Group, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 (e), *et seq*.

11. Prior to his termination, Smith was performing his job according to his employer's legitimate expectations.

12. Smith filed a Charge of Discrimination with the EEOC. A copy of the Charge is attached and incorporated as Exhibit "A".

13. Smith received a Notice of Right-to-Sue from the EEOC. A copy of the Notice is attached and incorporated herein as Exhibit "B".

Electronically Filed - St Louis County - May 09, 2022 - 04:25 PM

14. Smith filed this action within ninety (90) days of the receipt of the Notice of the Right-to-Sue letter.

15. As a result of the retaliation and termination by Bottling Group, Smith suffered and in the future will continue to suffer emotional distress, mental anguish, pain and suffering, inconvenience, loss of enjoyment of life, and other pecuniary and non-pecuniary losses.

16. As a result of the retaliation and termination by Bottling Group, Smith was caused to lose wages and fringe benefits and he is entitled to recover for this loss.

17. As a result of the retaliation and termination by Bottling Group, Smith will lose future earnings and future fringe benefits and he is entitled to recover for this loss.

18. In addition, Smith is entitled to reasonable attorney fees and all other affirmative relief as this court deems appropriate, including enjoying any unlawful discrimination in the future by Bottling Group.

19. In addition, Smith is further entitled to pre-judgment interest to compensate his for the loss of wages during the period preceding any final judgment. Smith is further entitled to post-judgment interest from the date of judgment to the date that any judgment is paid by Bottling Group.

20. In addition, Bottling Group, through its managers, had knowledge that it may have been acting in violation of federal law and/or Bottling Group approved or ratified the acts of retaliation and termination and thus, Bottling Group knew or showed reckless disregard on whether its conduct was prohibited by the Title VII and Smith is entitled to punitive damages.

WHEREFORE, Plaintiff, Kendall Smith, requests that judgment be entered in his favor and against Bottling Group, LLC d/b/a Pepsi Beverages Company in an amount in excess of $25,000.00 and award costs of suit.

**Plaintiff Demands Trial by Jury**

### COUNT III
### VIOLATION OF AMERICANS WITH DISABILITY ACT—DISCRIMINATION, HARASSMENT AND HOSTILE WORK ENVIRONMENT

NOW COMES Plaintiff, Kendall Smith (hereinafter referred to as "Smith"), by and through his undersigned attorneys, Michael Brunton and Brunton Law Office, P.C., and for Count III of his Petition against Defendant, Bottling Group, LLC d/b/a Pepsi Beverages Company (hereinafter referred to "Bottling Group" in this Count) states:

1. Bottling Group is registered to do business in the State of Missouri. It has its principal office and distribution facility in the County of St. Louis, Missouri.

2. Smith was an employee for Bottling Group at its Creve Coeur, Missouri facility.

3. Smith was qualified for his position and was able to perform all essential functions of his job.

4. Smith was terminated by Bottling Group.

5. Bottling Group has more than 15 employees.

6. Smith had a disability and Smith was a "qualified individual with a disability" and/or Smith was perceived to have a disability within the meaning of Title I of the Americans with Disabilities Act, 42 U.S.C. §12111(2) and (8).

7. Bottling Group discriminated against Smith, compared to any similarly situated class of employees at Bottling Group, because of his disability or perceived disability, in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, *et. seq*.

8. Smith was subjected to discrimination, harassment and a hostile work environment because of his disability or perceived disability, in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, *et. seq*.

Electronically Filed - St Louis County - May 09, 2022 - 04:25 PM

9. Smith was terminated as a result of his disability or perceived disability in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, *et. seq*.

10. Smith filed a charge of discrimination with the EEOC. A copy of the charge is attached and incorporated by reference as Exhibit "A".

11. Smith received a Notice of Right-to-Sue from the EEOC. A copy of the Notice is attached and incorporated herein as Exhibit "B".

12. Smith filed this action within ninety (90) days before the Notice of Right to Sue Letter elapsed.

13. As a result of the discrimination, harassment, and hostile work environment by Bottling Group, Smith suffered, and in the future will continue to suffer, emotional distress, mental anguish, pain and suffering and inconvenience.

14. As a result of the discrimination, harassment, and hostile work environment by Bottling Group, Smith was caused to lose wages and fringe benefits and he is entitled to recover for this loss.

15. As a result of the discrimination, harassment, and hostile work environment by Bottling Group, Smith will lose future earnings and future fringe benefits and he is entitled to recover for this loss.

16. In addition, Smith is entitled to reasonable attorney fees and costs and all other affirmative relief as this court deems appropriate.

17. In addition, Smith is further entitled to pre-judgment interest to compensate his for the loss of wages during the period preceding any final judgment. Smith is further entitled to post-judgment interest from the date of judgment to the date that any judgment is paid by Bottling Group.

Electronically Filed - St Louis County - May 09, 2022 - 04:25 PM

18. In addition, Bottling Group, through its managers, had knowledge that it may have been acting in violation of federal law and/or Bottling Group approved or ratified the acts of discrimination, harassment and hostile work environment and thus, Smith is entitled to punitive/liquidated damages.

WHEREFORE, Plaintiff, Kendall Smith, requests that judgment be entered in his favor and against Bottling Group, LLC d/b/a Pepsi Beverages Company in an amount in excess of $25,000.00 and award costs of suit.

**Plaintiff Demands Trial by Jury**

### COUNT IV
### VIOLATION OF AMERICANS WITH DISABILITIES ACT - RETALIATION

NOW COMES Plaintiff, Kendall Smith (hereinafter referred to as "Smith"), by and through his undersigned attorneys, Michael Brunton and Brunton Law Office, P.C., and for his Petition against Defendant, Bottling Group, LLC d/b/a Pepsi Beverages Company (hereinafter referred to "Bottling Group" in this Count), states:

1-8. For paragraphs one (1) through eight (8) of Count IV, Plaintiff realleges and incorporates paragraphs one (1) through eight (8) of Count III as though fully alleged herein.

9. Smith reported the discrimination, harassment and hostile work environment because of his disabilities or perceived disabilities to supervisors at Bottling Group.

10. Smith was terminated and had other adverse employment actions in retaliation for reporting the discrimination, harassment, and hostile work environment because of his disabilities or perceived disabilities in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, *et. seq.*

11. Smith filed a charge of discrimination with the EEOC. A copy of the Charge is attached and incorporated as Exhibit "A".

12. Smith received a Notice of Right-to-Sue from the EEOC. A copy of the Notice is attached and incorporated herein as Exhibit "B".

13. Smith filed this action within ninety (90) days before the Notice of Right to Sue Letter elapsed.

14. As a result of the retaliatory termination and retaliatory adverse employment actions by Bottling Group, Smith suffered, and in the future will continue to suffer, emotional distress, mental anguish, pain and suffering and inconvenience.

15. As a result of the retaliatory termination and retaliatory adverse employment actions by Bottling Group, Smith was caused to lose wages and fringe benefits and he is entitled to recover for this loss.

16. As a result of the retaliatory termination and retaliatory adverse employment actions by Bottling Group, Smith will lose future earnings and future fringe benefits and he is entitled to recover for this loss.

17. In addition, Smith is entitled to reasonable attorney fees and costs and all other affirmative relief as this court deems appropriate.

18. In addition, Smith is further entitled to pre-judgment interest to compensate his for the loss of wages during the period preceding any final judgment. Smith is further entitled to post-judgment interest from the date of judgment to the date that any judgment is paid by Bottling Group.

19. In addition, Bottling Group, through its managers, had knowledge that it may have been acting in violation of federal law and/or Bottling Group approved or ratified the retaliatory

termination and retaliatory adverse employment actions and thus, Smith is entitled to punitive/liquidated damages.

WHEREFORE, Plaintiff, Kendall Smith, prays for judgment in an amount that exceeds $50,000.00 plus costs of this action, and for any other relief as this Court may deem just and proper.

**Plaintiff Demands Trial by Jury**

## COUNT V – Reporting Illegal Activities

NOW COMES Plaintiff, Kendall Smith (hereinafter referred to as "Smith"), by and through his undersigned attorneys, Michael Brunton and Brunton Law Office, P.C., and for Count V of his Petition against Defendant, Bottling Group, LLC d/b/a Pepsi Beverages Company (hereinafter referred to "Bottling Group" in this Count), states:

1. Smith was an employee for Defendant, Bottling Group, which owned and operated a bottling facility in St. Louis County, Missouri.

2. Smith was employed by Bottling Group.

3. Bottling Group is registered to do business in the State of Missouri.

4. At all relevant times, Smith was qualified for his position and was able to perform all essential functions of his job.

5. Smith reported illegal activities of Bottling Group to his supervisors, including supervisors asking Smith to write a false document against one of Smith's supervisors.

8. Bottling Group terminated Smith after Smith refused to write a false document and reported illegal activities.

9. Smith's termination from his employment with Bottling Group is casually related to the reports and complaints of the above-referenced illegal activities to his supervisors, including refusing to write a false document.

Electronically Filed - St Louis County - May 09, 2022 - 04:25 PM

10. At all relevant times, there existed a clear mandate of Missouri Public Policy prohibiting discharge from employment for reporting the illegal activities of an employer.

11. As a result of the retaliatory discharge, Smith should be awarded past lost wages and future loss of earnings and loss of fringe benefits.

12. As a result of the retaliatory discharge, Smith should be awarded damages for past and future pain and suffering and damages for emotional trauma.

13. As a result of the retaliatory discharge, Smith should be awarded punitive damages.

WHEREFORE, Plaintiff, Kendall Smith, requests that judgment be entered in his favor and against Bottling Group, LLC d/b/a Pepsi Beverages Company in an amount in excess of $25,000.00 and award costs of suit.

**Plaintiff Demands Trial by Jury.**

BRUNTON LAW OFFICES

/s/ Michael J. Brunton
Michael J. Brunton, #42887
819 Vandalia (HWY 159)
Collinsville, Missouri 62234
mbrunton@bruntonlawoffice.com
618-343-0750 / 618-343-0227 Fax
*Attorneys for Plaintiff Kendall Smith*